Opinion issued June 17, 2004














In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00847-CR




RENE ALEGRIA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 02CR1020 




MEMORANDUM OPINION 
          A jury found appellant, Rene Alegria, guilty of unlawful possession of a
firearm by a felon. Appellant elected for the trial court to assess punishment. 
Following a pre-sentence investigation (PSI), the trial court sentenced appellant to 15
years in prison. In one issue, appellant contends that the trial court erred in admitting
certain portions of the PSI report because appellant’s Fifth Amendment right against
self-incrimination and state and federal due process rights were violated when he was
interviewed for the report without counsel present.
          We affirm.
Right to Counsel at PSI interview
          At the beginning of the punishment phase, defense counsel made the following
objection to the PSI report: “I was not allowed to be with my client while he was
interviewed for the presentence investigation, and I think that violates his
fundamental rights . . . .” Defense counsel further stated, “I think that still under his
right to counsel I should be allowed to be with him when he’s being interviewed.” 
The State conceded that defense counsel had made a request to accompany appellant
during the PSI interview. However, the State further explained that it was not the
“practice” to allow defense counsel to participate in the PSI. The State pointed out
that it also did not participate in the interview. Defense counsel then objected to the
“practice” because it “require[d] the defendant to either waive his right to counsel or
waive an opportunity to make a contribution to the PSI.” The trial court asked
defense counsel if there was a “specific thing” he was objecting to “other than just
generally to the policy.” After reviewing the PSI report in detail, defense counsel
informed the court of the “the specific things that I would complain about.” In
particular, defense counsel stated that if he had been present during the PSI interview,
he would have instructed appellant not to answer the interviewer’s questions
regarding appellant’s juvenile record, his gang affiliation, or his past drug use. The
trial court then overruled appellant’s objections to the PSI report. 
          In his sole issue on appeal, appellant complains that admitting the PSI report
into evidence violated his Fifth Amendment privilege against self-incrimination, as
well as his state and federal rights to due process. 
          To preserve error, an objection to the admission of evidence must be
reasonably specific to apprise the trial court of the legal basis for the challenge. See
Fluellen v. State, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.). This
rule applies even to constitutional error. See Saldano v. State, 70 S.W.3d 873, 889
(Tex. Crim. App. 2002); see also Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a)(1). 
Additionally, the rule that an error presented on appeal must be the same as an
objection raised at trial applies with equal force to constitutional violations. See Little
v. State, 758 S.W.2d 551, 564 (Tex. Crim. App. 1988). 
          In this case, appellant did not articulate to the trial court the legal basis for the
complaint that he now raises on appeal. Though he informed the trial court that his
objection grew out of the interviewing officer’s denial of his request for his defense
counsel to be present during the PSI questioning, appellant failed to inform the trial
court that his objection was based on a violation of his Fifth Amendment right against
self-incrimination, as he now claims on appeal, or to otherwise articulate the specific
legal basis of his complaint. Moreover, the legal basis of appellant’s objection was
not apparent from the context of the objection. See Tex. R. App. P. 33.1(a)(1). 
Arguably, appellant could have been challenging the PSI report based on a violation
of appellant’s Sixth Amendment right to counsel, his Fifth Amendment right to
counsel, his Fifth Amendment privilege against self-incrimination, his corresponding
state constitutional rights, or all or none of the above.


 
          Notably, the right-against-self-incrimination and right-to-counsel clauses of the
Texas Constitution warrant an analysis distinct from federal constitutional analysis. 
See Heitman v. State, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991). Likewise, the
Fifth Amendment right to counsel and the Sixth Amendment right to counsel involve
different rights and considerations. See Holloway v. State, 780 S.W.2d 787, 793
(Tex. Crim. App. 1989). Without knowing the legal basis of appellant’s objection,
the trial court did not know which constitutional analysis to apply. Concomitantly,
we cannot hold that the trial court abused its discretion in admitting the PSI report. 
Accordingly, we hold that appellant failed to preserve this issue for our review. See
Tex. R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a)(1).
          We overrule appellant’s sole issue. 
          Conclusion
          We affirm the judgment of the trial court.




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Alcala, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).